UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**FOX ROTHSCHILD LLP**
(Formed in the Commonwealth of Pennsylvania)
2000 Market Street, 20th Floor
Philadelphia, PA 19103
(215) 299-2000 (phone); (215) 299-2150 (fax)
Michael G. Menkowitz, Esquire (MM 61478)
Jason C. Manfrey, Esquire (JM 01175)
mmenkowitz@foxrothschild.com;
jmanfrey@foxrothschild.com
*Attorneys for Alfred T. Giuliano, the Chapter 7 Trustee*

| | |
|---|---|
| In re: | Chapter 7 |
| TRANSVANTAGE SOLUTIONS, INC., *et al.* | Case No. 13-19753 (KCF) |
| Debtors. [1] | |

### CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING THE SALE OF CERTAIN REAL PROPERTY TO JULIA AND CHRISTOPHER PEHRSON, FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND FED. R. BANKR. P. 6004 AND 6006

Alfred T. Giuliano (the "Trustee"), the chapter 7 trustee for the estates of TransVantage

Solutions, Inc. d/b/a FTS Industries, Inc.; Freight Traffic Services; and FTS ("Debtor

TransVantage Solutions"), TransVantage Forwarding, Inc. ("Debtor TransVantage

Forwarding"), and TransVantage Transportation, Inc. ("Debtor TransVantage Transportation"

and collectively with Debtor TransVantage Solutions and TransVantage Forwarding, the

"Debtors"), by and through his attorneys, Fox Rothschild LLP, respectfully requests the entry of

an order authorizing the sale of all of the Trustee's rights, title, and interests in certain real

property located at 420 Bloomsbury Road, Bloomsbury, NJ 08804 (the "Real Property"), to Julia

and Christopher Pehrson (collectively, the "Buyer"), free and clear of all liens, claims, and

---

[1] The Debtors comprise of the following entities: TransVantage Solutions, Inc., a New Jersey corporation; TransVantage Forwarding, Inc., a New Jersey corporation; and TransVantage Transportation, Inc., a New Jersey corporation.

encumbrances pursuant to 11 U.S.C. §§ 105 and 363 and Fed. R. Bankr. P. 6004 and 6006, with

any liens, claims and encumbrances attaching to the proceeds from the sale (the "Motion").  The

sale of the Real Property to Buyer will be subject to the terms and conditions of that certain

Contract for Sale of Real Estate dated October 20, 2014 (the "Contract for Sale"), by and

between the Trustee and Buyer, as further amended by that certain Addendum to the Contract of

Sale dated October 28, 2014 (the "Addendum" and collectively with the Contract for Sale, the

"Contract").  A true and correct copy of the Contract is attached hereto as **Exhibit "A"**, and

incorporated by reference herein.  The sale of the Real Property under the Contract will be free

and clear of all liens, claims and encumbrances, pursuant to 11 U.S.C. §§ 105 and 363.   In

support of this Motion, the Trustee respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.
This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Motion is proper in this district pursuant to 28
U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are sections 105 and 363 of
title 11 of the United States Code (the "Bankruptcy Code"), and Rules 6004 and 6006 of the
Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## FACTUAL BACKGROUND

4. On May 3, 2013 (the "Petition Date"), Debtor TransVantage Solutions filed a
voluntary petition for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§
101, *et seq.* (the "Bankruptcy Code").

5.      On May 16, 2013, the Office of the United States Trustee appointed the Trustee as chapter 11 trustee.  [D.I. 18].

6.      On June 19, 2013, the Court entered an order converting Debtor TransVantage Solutions' chapter 11 case to a case under chapter 7 of the Bankruptcy Code (the "Conversion Order").  [D.I. 59].

7.      On June 19, 2013, the Office of the United States Trustee appointed the Trustee as chapter 7 trustee, which appointment remains in effect.  [D.I. 63].

8.      On August 23, 2013 (the "Consolidation Date"), this Court entered an Amended Order directing the Substantive Consolidation of Debtor TransVantage Solutions' estate with Debtor TransVantage Forwarding and Debtor TransVantage Transportation's estates (the "Consolidation Order").  [D.I. 94].

9.      On September 10, 2013, the Trustee filed a Motion (the "9019 Motion") for an Order Approving the Stipulation (the "Stipulation") by and between the Trustee and Shirley Sooy Pursuant to Fed. R. Bankr. P. 9019.  [D.I. 117].  On April 22, 2014, this Court entered an Order Granting the 9019 Motion and Approving the Stipulation (the "9019 Order").  [D.I. 242]. Pursuant to the terms of the Stipulation, Shirley Sooy transferred all of her rights, title, and interests in the Real Property, among other real and personal property, to the Trustee.  On June 12, 2014, the Trustee properly recorded a deed for the Real Property with the Warren County Clerk for the State of New Jersey, thereby transferring title in the Real Property to the Trustee.

10.     On October 8, 2014, the Trustee, by and through his counsel, filed an Application for an Order Authorizing the Retention and Employment of Weichert, Realtors ("Weichert"), *nunc pro tunc* to October 7, 2014 (the "Application to Employ").  [D.I. 319].  The Trustee sought to employ Weichert as his broker to list the Real Property for sale for the purchase price of

$230,000.00.  On October 20, 2014, this Court entered an Order Authorizing the Retention and Employment of Weichert, Realtors as Brokers for the Trustee (the "Employment Order"), effective October 7, 2014.  [D.I. 328].

11.    On October 8, 2014, Weichert listed the Real Property for sale for the purchase price of $230,000.00.

12.    On October 20, 2014, the Trustee and Buyer entered into the Contract, pursuant to which the Buyer has agreed to purchase the Real Property for the purchase price of $215,000 (the "Purchase Price").

13.    Buyer desires to purchase from the Trustee, and the Trustee desires to sell to Buyer, pursuant to 11 U.S.C. §§ 105 and 363, all of the Trustee's rights, title, and interests in and to the Real Property, upon the terms and subject to the conditions set forth in the Contract.

14.    The principle terms and conditions of the Contract are as follows:

  a.    A deposit in the amount of $1,000 (the "Initial Deposit"), receipt of which is acknowledged, paid at the time of execution of the Contract;

  b.    An additional deposit in the amount of $4,000 (the "Additional Deposit"), paid on or before ten (10) days after counsel for the Trustee's review of the Contract;

  c.    The Contract is subject to Bankruptcy Court approval of the sale of the Real Property to Buyer under the terms of the Contract;

  d.    Performance by Buyer of the Contract is contingent upon Buyer obtaining financing;

  e.    Closing on the transaction set forth in the Contract shall occur on or before November 28, 2014, at which time the Buyer will pay the remainder of the Purchase Price ($210,000) at closing;

  f.    At closing on the transaction set forth in the Contract, the Trustee agrees to credit Buyer up to $6,450.00 for closing costs incurred by Buyer; and

  g.    The Real Property is being sold in on "as is", "where is" basis and "with all faults" as of the closing date, and is without recourse, representation, or warranty of any kind to or by the Trustee, whether express, implied or

4

imposed by law, which recourse, representations, and warranties are thereby expressly disclaimed by Buyer.

## RELIEF REQUESTED

15.    By and through this Motion, the Trustee seeks approval of the sale of all of the Trustee's rights, title, and interests in and to the Real Property pursuant to 11 U.S.C. §§ 105 and 363(b) and (f) and Fed. R. Bankr. P. 6004 and 6006 and the terms of the Contract, free and clear of liens, claims, and encumbrances, with any such liens, claims and encumbrances attaching to the proceeds of the sale.

## BASIS FOR RELIEF REQUESTED

**A.    The Sale Of The Trustee's Rights, Title, and Interests In The Real Property To Buyer Under The Contract, Free and Clear of Liens, Claims, and Encumbrances, Is Appropriate Under 11 U.S.C. § 363.**

16.    Section 363(b) of the Bankruptcy Code provides that a Trustee "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." See 11 U.S.C. § 363(b)(1).

17.    To approve a use, sale or lease, other than in the ordinary course of business, the Court must find "some articulated business justification." See In re Martin (Myers v. Martin), 91 F.3d 389, 395 (3d Cir. 1996); In re Abbotts Dairies of Pennsylvania. Inc., 788 F. 2d 143 (3d Cir. 1986) (requiring good faith purchasing); In re Delaware and Hudson Rv. Co., 124 B.R. 169 (D. Del. 1991) (concluding that requirements for sale outside ordinary course of business included sound business purpose, adequate and reasonable notice, fair and reasonable price, and good faith purchaser). Although 11 U.S.C. § 363(b) does not specify a standard for determining when it is appropriate for a court to authorize the use, sale or lease of property of the estate, courts in this District have required that such use, sale or lease be based upon a trustee's sound business judgment of the debtor. See, e.g., In re Decora Indus., Inc., 2002 WL 32332749, *2 (D. Del.

5

May 20, 2002); In re Delaware & Hudson Ry. Co., 124 B.R. at 176; In re Montgomery Ward

Holding Corp., 242 B.R. 147, 153 (Bankr. D. Del. 1999).  A trustee's showing of sound business

justification, need not be unduly exhaustive; instead the trustee is "simply required to justify the

proposed disposition with sound business reasons."  In re Baldwin United Corp., 43 B.R. 888,

906 (Bankr. S.D. Ohio 1984).  Moreover, Section 105(a) of the Bankruptcy Code provides that

"[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out

the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

18.    Bankruptcy courts are given substantial discretion in deciding whether to

authorize a sale of the debtor's assets outside of the ordinary course of business.  See In re

Chateaugay Corp., 973 F.2d 141, 144 (2d Cir. 1992).

19.    For all of the reasons set forth in this Motion, the Trustee, through the exercise of

his business judgment, has determined that the sale of the Real Property to Buyer under the terms

of the Contract, is in the best interests of the Debtors, their creditors, and the bankruptcy estates.

The Real Property was marketed by a professional broker, and the Buyer's offer is the highest

and best offer received for the Real Property.  Based on this information, in the Trustee's

business judgment, the Buyer's offer is reasonable and represents the fair market value of the

Trustee's rights, title, and interests in the Real Property.  In fact, if the sale of the Real Property

is not completed to the Buyer, the estates would incur additional costs to continue to secure and

maintain the Real Property, along with additional real estate taxes.  In light of the

aforementioned, the Trustee believes that the sale of the Real Property to Buyer is the best option

to maximize the value of the proceeds from the sale of the Real Property.  Accordingly, in the

exercise of the Trustee's business judgment, the Trustee submits that the sale of the Real

Property to Buyer under the terms of the Contract should be approved.

20.     Additionally, the Trustee respectfully submits that it is appropriate to sell the Real Property to Buyer, free and clear of all liens, claims, interests and encumbrances pursuant to 11 U.S.C. § 363(f), with any such liens, claims, interests or encumbrances attaching to the sale proceeds to the same extent, validity, and priority prior to the sale.

21.     Pursuant to section 363(f) of the Bankruptcy Code, the Court may authorize the sale of assets free and clear of existing liens, claims, interests and encumbrances if: (a) applicable non-bankruptcy law permits the sale of such property free and clear of such interest; (b) the entity holding the lien, claim or encumbrance consents to the proposed sale; (c) such interest is a lien and the price at which such property is sold is greater than the aggregate value of all liens on such property; (d) such interest is in bona fide dispute; or (e) such entity could be compelled in a legal or equitable proceeding to accept a money satisfaction of such interest.  11 U.S.C. § 363(f).

22.     As there are no known lines or mortgages on the Real Property, the Trustee proposes to sell the Real Property to Buyer for payment of the Purchase Price, which is greater than the aggregate value of all liens on the Real Property.  Additionally, the Trustee proposes that the absence of any objections to the entry of the order approving this Motion, following the provision of notice, be deemed "consent" to the sale of the Trustee's rights, title, and interests in the Real Property pursuant to the Order within the meaning of section 363(f)(2) of the Bankruptcy Code.  As such, the requirements of section 363(f) of the Bankruptcy Code are satisfied.  In fact, the Trustee believes that the Real Property is unencumbered.

23.     Lastly, the Trustee respectfully submits that Buyer is purchasing the Real Property in good faith, and as such, is entitled to the protections set forth in 11 U.S.C. § 363(m). The Contract was negotiated in good faith and at arm's length between the Trustee and Buyer.

7

24.     Accordingly, in the exercise of the Trustee's business judgment, the Trustee submits that the sale of the Real Property to Buyer upon the terms and conditions set forth in the Contract, free and clear of liens, claims, and encumbrances pursuant to 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 6004 and 6006, should be approved.

**B.     Waiver of Fourteen-Day Stay Period.**

25.     The Trustee requests that the Court waive the requirements under Fed. R. Bankr. P. 6004(h), so that the sale of the Real Property to Buyer may close immediately rather than being subject to the fourteen (14)-day waiting period outlined in Fed. R. Bankr. P. 6004(h).

26.     Fed. R. Bankr. P. 6004(h) provides that an order authorizing the "use, sale, or lease of property … is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h).

27.     The purpose of Fed. R. Bankr. P. 6004(h) is to provide sufficient time for an objecting party to appeal before an order can be implemented. See Advisory Committee Notes to Fed. R. Bankr. P. 6004(h). Although Fed. R. Bankr. P. 6004(h) and the Advisory Committee Notes are silent as to when a court should "order otherwise" and eliminate or reduce the 14-day stay period, COLLIER suggests that the 14-day stay period should be eliminated to allow a sale or other transaction to close immediately "where there has been no objection to the procedure." 10 COLLIER ON BANKRUPTCY, ¶ [6004.11], 6004-18 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). COLLIER further provides that if an objection is filed and overruled, and the objecting party informs the court of its intent to appeal, the stay may be reduced to the amount of time actually necessary to seek a stay, unless the court determines that the need to proceed sooner outweighs the interests of the objecting party. Id.

8

28.     Therefore, the Trustee hereby requests that the Court waive the 14-day stay period under Fed. R. Bankr. P. 6004(h).

## NOTICE

29.     Notice of this Motion has been given to counsel for the Debtors, the Office of the United States Trustee, all holders of liens, if any, all parties who have expressed an interest in purchasing the Real Property, if any, all parties who have requested notice pursuant to Fed. R. Bankr. P. 2002, and all creditors.  The Trustee submits that such notice is proper and adequate and no further notice is necessary or required.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court grant the Motion and enter an order, substantially in the form attached hereto:

(a)     authorizing the Trustee to consummate the sale of the Real Property to Julia and Christopher Pehrson in accordance with the terms set forth in the Contract, for consideration of the Purchase Price,  free and clear of liens, claims, and encumbrances pursuant to 11 U.S.C. §§ 105 and  363(b), (f), and (m), and Fed. R. Bankr. P. 6004 and 6006;

(b)     waiving the fourteen (14) day stay provided for in Bankruptcy Rule 6004(h); and

(c)     granting the Trustee such other and further relief as is just and proper.

Respectfully submitted

**FOX ROTHSCHILD LLP**
By: */s/  Michael G. Menkowitz*
Michael G. Menkowitz
Jason C. Manfrey
2000 Market Street, Twentieth Floor
Philadelphia, PA  19103-3291
Phone (215) 299-2000/Fax (215) 299-2150

*Attorneys for Alfred T. Giuliano,*
Dated:  October 29, 2014          *Chapter 7 Trustee for the Debtors*

9